UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELESTE PENNEY, PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID M. PENNEY, DECEDENT, et al., Plaintiffs, v. HARTFORD FIRE INSURANCE COMPANY, Defendant. | Civil Action No. 25-12675-AK |

ORDER ON MOTION TO COMPEL
[Docket No. 38]

September 21, 2026

Boal, M.J.

Plaintiffs Celeste Penney, individually and as administrator of the Estate of David Penney, and David M. Penney, Jr. have filed a motion to compel non-party Progressive Insurance Company to produce documents responsive to a subpoena. Docket No. 38.[1] For the following reasons, this Court denies the motion.

I. RELEVANT BACKGROUND

This case arises out of a New Hampshire motor vehicle collision on June 25, 2022. The decedent, David Penney, was tragically killed while riding a motorcycle during a Harley Davidson demo event. See Complaint at ¶¶ 12-15. The driver of the vehicle that collided with

[1] On August 11, 2026, Judge Kelley referred the motion to the undersigned. Docket No. 39.

Mr. Penney, Jennifer Elizabeth McCoy, was insured by Progressive. See id. at ¶ 22. The policy had maximum bodily injury limits of only $25,000. Id. McCoy pleaded guilty to negligent homicide. Id. at ¶ 17.

Defendant Hartford Fire Insurance Company insured Harley-Davidson. Id. at ¶¶ 12, 20. Hartford denied the Plaintiffs' claim for coverage under the policy. Id. at ¶ 26. In this action, the Plaintiffs seek a declaratory judgment that, inter alia, Hartford has a legal duty to provide the Plaintiffs with a certified copy of the insurance policy at issue and that the Plaintiffs are entitled to a court order compelling Hartford to provide insurance coverage, including but not limited to underinsured coverage, to the Plaintiffs. See id. at ¶ 36.

On June 18, 2026, Plaintiffs served a subpoena on Progressive, seeking documents regarding Claim No. 22-3000684. See Docket No. 38-1. On August 7, 2026, Progressive objected to the requests in the subpoena "insofar and to the extent they seek documents and information that was prepared in anticipation of litigation or trial, that constitutes attorney work product, that is confidential and/or that is protected by the attorney/client privilege." Docket No. 44-3 at 6. Nevertheless, Progressive produced 260 pages of responsive documents. See Docket No. 44 at 2. No privilege log was produced at that time.

On August 10, 2026, Plaintiffs filed the instant motion to compel. Docket No. 38. Progressive filed an opposition on August 24, 2026. Docket No. 44. At that time, Progressive provided a privilege log. See id. at 14-15. Plaintiffs filed a reply on August 25, 2026. Docket No. 46-1.

## II. DISCUSSION

### A. Standard Of Review

A Rule 45 subpoena must fall within the scope of proper discovery under Rule 26 of the Federal Rules of Civil Procedure. In re New England Compounding Pharmacy, Inc. Product Liab. Litig., No. 13-2419-FDS, 2013 WL 6058483, at *4 (D. Mass. Nov. 13, 2013) (citations omitted). Rule 26(b)(1) allows discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Whether discovery is proportional to the needs of the case depends on, among other things, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the expense of the proposed discovery outweighs its likely benefit." Id.

The information sought by a subpoena must therefore be (1) not privileged; (2) relevant to the claim or defense of any party; and (3) proportional to the needs of the case. Id. In addition, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Also, an order compelling compliance with a subpoena "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii).

### B. Relevance

Plaintiffs have failed to show that the documents they seek are relevant. Plaintiffs state that the Progressive policy had bodily-injury limits of $20,000 per person. Docket No. 46-1. Progressive, however, subsequently increased the limit and tendered $25,000 to the Estate because the accident occurred in New Hampshire, which has a $25,000 requirement for bodily

injury coverage. Docket No. 46-1 at 8. Plaintiffs argue that contemporaneous records showing when Progressive made that decision, who made it, what Progressive relied upon, and how Progressive implemented and exhausted the liability layer are relevant to their uninsured motorist claim under the Hartford policy. See id.

At oral argument, Progressive explained that the decision to increase the insurance limits to $25,000 was based on the policy's out-of-state coverage provision, which automatically adjusts its liability limits upwards to comply with higher financial responsibility or compulsory insurance requirements of another state if an accident occurs in that state. By contrast, Hartford's denial of the Estate's claim is based on, among other things, that policy's uninsured motorist coverage provision, which limits such coverage to vehicles licensed or principally garaged in a state that requires uninsured motorist coverage. See Docket No. 1-2 at 27. The motorcycle at issue here was principally garaged in Wisconsin, which does not require uninsured motorist coverage. Hartford denied Plaintiffs' uninsured motorist claim on that basis. As such, Plaintiffs have not shown that Progressive's insurance file has any relevance to this case.[2] Because Plaintiffs have not shown relevance, this Court denies the motion to compel and it is not necessary to address Progressive's privilege argument.

## III. ORDER

For the foregoing reasons, this Court denies the Plaintiffs' motion to compel.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE

---

[2] Contrary to Plaintiffs' assertions, Progressive has not pursued a subrogation or contribution claim against anyone including Hartford.